UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID DONNELL,                           No. 2:01-cv-1953-MCE-KJM

     Plaintiff,

  v.                                      MEMORANDUM AND ORDER

SNOWSHOE SPRINGS ASSOCIATION

     Defendant.

----oo0oo----

This case involves a dispute between Plaintiff David Donnell (hereinafter "Plaintiff"), a homeowner, and Defendant Snowshoe Springs Association (hereinafter "Defendant"), a homeowners association whose jurisdiction includes the area where Plaintiff's property is located.  Plaintiff commenced this suit on October 22, 2001, asserting various state and federal causes of action.  All but one of Plaintiff's claims have been dismissed pursuant to several terminating motions brought by Defendant. Plaintiff's sole remaining claim involves an alleged violation of 42 U.S.C. § 3604(f)(3)(B), a provision of the Fair Housing Amendments Act ("FHAA").

1

The case is now before the Court on Plaintiff's Motion to Substitute Party. The Court was informed on October 3, 2005, that Plaintiff had died on or around September 6, 2005. Plaintiff's counsel now seeks permission to substitute Plaintiff's personal representative, Ms. Sharon K. Lewis, as the real party in interest. Defendant opposes the substitution and has brought a related Countermotion to Dismiss. Because Defendant's Countermotion involves the same general subject matter as Plaintiff's Motion to Substitute, the Court will rule on both motions simultaneously, pursuant to Local Rule 78-230(e).[1]

For the reasons set forth below, Plaintiff's Motion to Substitute is granted. Defendants Countermotion to Dismiss is denied.[2]

**BACKGROUND**

Plaintiff is the owner of a residence in Dorrington, California. Defendant is a residential homeowners' association providing water and other services to its members, which includes Plaintiff. In 1995, Plaintiff's payments to Defendant for water service fell into arrears.

---

[1] Local Rule 78-230(e) allows a party opposing a motion to bring a countermotion and have that countermotion heard concurrently with the underlying motion so long as the countermotion is related to the same subject matter as the original motion.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

2

Plaintiff alleges that his inability to timely make these payments was related to physical disabilities including epilepsy, dyslexia, pancreatitis, hemorrhaging, and various other conditions.  According to Plaintiff, Defendant then "undertook a scheme to deprive [him] of his housing despite [Defendant's] knowledge that he was physically disabled and would be left with no housing if [Defendant] succeeded."  (First Amended Complaint, ¶ 16).

More specifically, Plaintiff alleges that Defendant disconnected his water service, caused the District Attorney to file criminal charges against him for reconnecting it, and ultimately pursued foreclosure proceedings despite knowledge that it had no legal right or authority to do so.  Plaintiff claims that he suffered additional injury when Defendant refused to agree to a monthly payment plan as a way to allow Plaintiff to catch up on his arrearages and avoid foreclosure.  Plaintiff alleges that Defendant's refusal to agree to said payment plan constitutes a violation of section 3604(f)(3)(B) of the FHAA. That section requires landlords and other individuals to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford disabled persons equal opportunity with respect to the use and enjoyment of a dwelling place.

The present action is now before the Court on Plaintiff's Motion to Substitute Party.  As a result of Plaintiff's recent death, Plaintiff's counsel asks the Court to substitute the Administrator of Plaintiff's Estate, Ms. Sharon K. Lewis, as the new real party in interest.

3

Defendant opposes the substitution, alleging that Plaintiff's motion is defective under Federal Rule of Civil Procedure 25(a).[3] Specifically, Defendant contends that "[a]bsent proof that Plaintiff's counsel represents 'the successors or representatives of the deceased party,' Plaintiff's counsel does not have the authority to make a motion to substitute." (Opp. at 3:7-9 (quoting Fed. R. Civ. P. 25(a)).

**ANALYSIS**

When a party dies while litigation is pending, the successors or representatives of the deceased party may move to substitute a new party in place of the deceased. Federal Rule of Civil Procedure 25(a). However, a lawyer who represents a party before that party's death is not a "representative" within the meaning of Rule 25 and, consequently, cannot continue an action on behalf of the decedent unless asked to do so by a representative of the estate. 7C Wright, Miller & Kane, Federal Practice and procedure § 1955, at 545 (2d ed. 1986); Coverdale v. Apfel, No. 98-CV2531-DLC, 1999 WL 33945646, at *2 (S.D.N.Y. June 22, 1999).

Here, Defendant contends that "[t]here is no evidence that [Plaintiff's] administratrix retained Plaintiff's counsel to continue this action or that there is any formal attorney-client relationship between Plaintiff's counsel and the administratrix." (Opp. at 3:10-12).

---

[3] Unless otherwise stated, all further references to a "Rule" are to the Federal Rules of Civil Procedure.

4

1    Unfortunately for Defendant, the record indicates precisely
2 the opposite.  Indeed, in papers filed with this Court, Ms.
3 Sharon K. Lewis, the Administrator of Plaintiff's estate, states
4 that "[Plaintiff's counsel] are authorized to act as my attorneys
5 in my capacity as Administrator of the Estate of [Plaintiff] in
6 order to represent the interest of the Estate in the within [sic]
7 action."  (Lewis Decl. ¶ 4).  Defendant's argument is therefore
8 without merit.  Because Plaintiff's personal representative
9 followed proper procedure in notifying the Court of her intention
10 to continue the present action, Defendant's argument must fail.
11 Plaintiff's Motion to Substitute will be granted.
12    In addition to opposing Plaintiff's Motion to Substitute,
13 Defendant has also filed a Countermotion to Dismiss.  Defendant
14 contends that dismissal is warranted on two separate grounds.
15 First, Defendant argues that, without an effective substitution
16 of parties, there is no longer a proper Plaintiff to litigate the
17 present dispute.  (Opp. at 4-5).  Defendant claims prejudice in
18 having to prepare for trial "without a proper Plaintiff, and
19 without any indication that the administratrix is actually
20 interested in continuing to pursue this case."  (Id. at 4).  The
21 Court, however, has already addressed those issues with respect
22 to Plaintiff's substitution motion as discussed above.  Because
23 Plaintiff properly moved to substitute parties, Defendant's first
24 theory for dismissal is no longer cogent.
25    Defendant's second theory for dismissal is predicated on
26 California Code of Civil Procedure § 377.34, a statute that
27 precludes the recovery of pain and suffering damages upon the
28 death of a Plaintiff.

5

See Cal. Code Civ. P. § 377.34 (stating that "[i]n an action . . . by a decedent's . . . successor in interest on the decedent's cause of action, the damages recoverable . . . do not include damages for pain, suffering, or disfigurement"). Defendant contends that this California statute is applicable to federal question cases and, consequently, asks the court to "dismiss all causes of action where the damages are based on Plaintiff's pain and suffering." (Opp. at 5).

Defendant offers a single federal case in support of its proposition. (See Opp. at 5:6-8 (citing Venerable v. City of Sacramento, 185 F.Supp.2d 1128, 1131-33 (E.D. Cal. 2002), for contention that California Code of Civil Procedure § 377.34 is applicable to federal question cases). In Venerable, the District Court invoked California Code of Civil Procedure § 377.34 in dismissing a claim brought under 42 U.S.C. § 1983. Unlike Venerable, however, the instant case does not contain a section 1983 claim; rather, the case involves a single claim arising under section 3604 of the FHAA. The distinction is significant because in section 1983 actions, courts are permitted by statute to look to state law in answering damages questions when federal law is silent on a particular issue.[4]

---

[4] Federal courts hearing section 1983 claims are further limited in that the applicable state law can only be applied to the extent that it is "not inconsistent with the Constitution and laws of the United States" 42 U.S.C. § 1988. In Venerable, the District Court found that Cal. Code Civ. P. § 377.34 was not inconsistent with federal law; however, the Court acknowledged that other courts had come to a contrary conclusion. Venerable at 1132-1133. The Ninth Circuit has not addressed this issue. Id. at 1131, n.4. Consequently, the question of whether Cal. Code of Civ. P. § 377.34 is inconsistent with federal law is
(continued...)

See 42 U.S.C. § 1988; Venerable at 1131.  Thus, federal courts considering section 1983 claims are allowed to incorporate state law with respect to certain damages issues only because section 1988 specifically authorizes them to do so.

Here, Defendant does not contend that section 1988 applies to claims brought under the FHAA.  Such a position would run counter to the legislative history surrounding section 1988.  See 42 U.S.C.A. § 1988(a)(2003)(Historical and Statutory Notes)(indicating to which federal causes of action section 1988(a) applies.  Reference to 42 U.S.C. § 3604 is conspicuously absent).  Moreover, even assuming section 1988 applied to FHAA claims, Defendant has failed to address whether the FHAA is silent on the survivability of pain and suffering damages.  As discussed previously, under section 1988 courts can turn to state law only when federal law is silent on a particular issue of damages.

Notwithstanding the inapplicability of section 1988, Defendant might still be entitled to relief if Defendant could point to a similar statute that governs FHAA claims.  Unfortunately, Defendant has identified no such statute, and the court is unable to find one.  Consequently, the Court finds California Code of Civil Procedure section 377.34 inapplicable to the instant case.

///
///

---

[4](...continued)
nowhere near as settled as Defendant's brief would seem to suggest.

7

1  Defendant's Countermotion to Dismiss Plaintiff's claim for pain
2  and suffering damages is therefore denied.[5]

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Substitute is GRANTED.  Defendants Countermotion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED: March 31, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] As indicated above, in bringing this Countermotion Defendant asks the Court to "dismiss <u>all causes of action</u> where the damages are based on the Plaintiff's pain and suffering." (Opp. at 5 (emphasis added)). However, as it stands now, this case involves only a single cause of action pursuant to which Plaintiff seeks a number of different remedies.  It would be procedurally improper for this Court to dismiss Plaintiff's only cause of action simply because one of the remedies sought by Plaintiff is not recoverable.